## United States Operating Company et al., Appellees, v. James H. Finch et al., Appellants.

1. MORTGAGES, § 503*—*when evidence sufficient to sustain finding that mortgagee indebted to mortgagor on cross-bill by creditors:* Where a mortgagee in a bill against the mortgagor corporation obtained a decree for the full amount of his mortgage debt and interest, and a cross-bill was filed by creditors of the mortgagor corporation, which had become insolvent, for the purpose, *inter alia*, of recovering money misappropriated, and it appeared that complainant in the original bill in making the mortgage loan to the corporation had borrowed money from a bank, and that while complainant was secretary of such mortgagor corporation a check was drawn on its funds which was used to pay the interest on plaintiff's mortgage, and it further appeared that in foreclosing his mortgage complainant made no allowance for this payment, *held* that a finding on the cross-bill that complainant was indebted to such mortgagor corporation for the amount of such payment was proper.

2. CORPORATIONS, § 319*—*when cross-bill sufficient to sustain decree against officers for money illegally received.* In a cross-bill by creditors of an insolvent corporation joining as defendants, among others, certain officers of such corporation, an allegation that defendants "paid themselves divers and sundry large sums of money and gave nothing to the corporation in return," together with a prayer that the officers of such corporation be ordered to account for all sums of money and property received by them as such officers, and a stipulation that the case be decided on its merits, *held* sufficient to sustain a decree against such officers for the amounts illegally received by them as such officers.

3. COSTS, § 64*—*when decree that all defendants pay all costs inequitable.* In a cross-bill by creditors of an insolvent corporation

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to fix the liability of stockholders for unpaid subscriptions of stock, and to recover money misappropriated by those in control of the corporation, where separate judgments were entered against five defendants, each based on some matter distinct from the claims against the other defendants, some of the judgments being for large and some for small amounts, a decree that all defendants pay all the costs of suit *held* improper and inequitable as against the defendants against whom small judgments were rendered.

Appeal from the Circuit Court of Edwards county; the Hon. James R. Creighton, Judge, presiding. Heard in this court at the March term, 1915. Affirmed in part, reversed in part and remanded with directions. Opinion filed December 1, 1915.

Theodore G. Risley and E. B. Green, for appellants.

H. J. Strawn and S. E. Quindry, for appellees.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Appellant James H. Finch filed a bill against the Edwards Vitrified Brick and Sewer Pipe Company, a corporation, to foreclose two mortgages. The court found he had a lien upon the mortgaged premises for the full amount of the first mortgage but that the second one was given at a time when the corporation was insolvent and should be paid pro rata with other creditors, and a decree was entered in accordance with such findings. The United States Operating Company, The American Clay Machinery Company and George Stroup, who were creditors of the corporation, filed a cross-bill, which was afterwards, by leave of court, amended. The purpose of this amended cross-bill was to determine and fix the liability of stockholders in said defendant corporation, for unpaid subscriptions of stock of the corporation and for the misappropriation of money belonging to the same by those in control thereof. A large number of parties were made defendants to the cross-bill, among them being James H.

Finch, the complainant in the original bill, S. A. Zeigler and H. L. Zeigler, who are appellants here. The cross-bill having been answered, the cause was referred to a special master, who made his report and the complainants in the cross-bill filed exceptions thereto. Thereafter a written stipulation was filed in the case, whereby it was provided, among other things, that the cause be "submitted to Honorable J. R. Creighton to be heard on exceptions to the report of the special master in chancery, filed by complainants in the cross-bill to said report at Carmi, Illinois, in vacation and after disposing of such exceptions to be further heard as to all other questions arising in such case as are consistent with the rules of chancery practice so that the case is to be decided upon its merits." The case was so heard and the court sustained the objections to the report of the special master and found in favor of certain defendants and that certain others were indebted to the corporation in large amounts for unpaid stock. The court also found among other things that appellant J. S. Finch was indebted to Edwards Vitrified Brick and Sewer Pipe Company, the original defendant, in the sum of $150 for interest paid by said company for his use and benefit; that appellant S. A. Zeigler was indebted to said original defendant company in the sum of $160 for money illegally paid him as salary, as secretary of the board, and that appellant, H. L. Zeigler was indebted to said company in the sum of $105 for money unlawfully paid him as salary as secretary of the board of directors. It was separately decreed that each one of said three last mentioned parties pay to said original defendant company the amount due it as aforesaid, and also that each pay the costs of suit. Said James H. Finch, S. A. Zeigler and H. L. Zeigler alone appealed.

It is insisted by appellants that there is not sufficient evidence to support the finding against appellant Finch

and that as to the other appellants, the allegations of the bill are not sufficient to permit a recovery, and it is also urged by each of the appellants that it was error to enter a decree against him for all the costs.  It appears that appellant Finch, in making his loan to the Sewer Pipe Company, had borrowed money from the Poseyville Indiana Bank and that, while he was acting as secretary of the company, a check was drawn on its funds which was used to pay interest on the amount due from Finch to said bank; that when Finch's mortgage was foreclosed, he obtained a decree for the full amount of the principal and interest due him and did not allow credit for the $150 for the interest paid for him by the Sewer Pipe Company to the bank; and under these circumstances, the chancellor properly found that he was liable to said corporation for such amount so paid for him.  While there was no specific charges in the cross-bill that appellants S. A. Zeigler and H. L. Zeigler had wrongfully been paid the amounts found by the court to have been illegally received by them while they were respectively acting as secretary of the board, yet it was charged therein that they and the other defendants "paid themselves divers and sundry large sums of money and gave nothing to the corporation in return," and the prayer of the cross-bill was that the officers of said Sewer Pipe Company be ordered to account for all sums of money and property received by them as such officers.  We are of opinion that this allegation and prayer, taken in connection with the stipulation providing that the case was to be decided upon its merits, were amply sufficient to support the decree against these two appellants.  In the course of the decree it was found that other defendants in the cross-bill were indebted to said Sewer Pipe Company in the total sum of over $30,000, that a receiver be appointed for the company to collect and assemble all the judgments and other claims in its favor and to bring said proceeds into court, and that other

relief prayed for in the cross-bill be granted. Separate judgments were entered against five different defendants, each judgment being based on some matter distinct from the claims against the others. It is therefore improper and inequitable that appellants who are found to be indebted in such small amounts should each be ordered to pay all the costs of suit. We are of opinion that each of the five defendants who were decreed to make payments to said Sewer Pipe Company should have been ordered to pay one-fifth of the costs, and that in all other respects the decree was correct.

The decree will be reversed and the cause remanded with directions to the court below to modify the same, by providing that each of said five defendants who were decreed to make payments to said company be also decreed to pay one-fifth of the costs of suit.

*Decree affirmed in part and reversed in part and remanded with directions.*